68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Matthew A. MORALES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3548.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Dec. 11, 1995.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Matthew Morales appeals a decision of the Merit Systems Protection Board (Board), Docket No. CB-7121-95-0002-V-1, dismissing as untimely Mr. Morales's appeal of his removal from the position of chemist with the Food and Drug Administration. We affirm.
 
 BACKGROUND
 
 2
 Mr. Morales was removed from his position as chemist with the Food and Drug Administration effective November 19, 1993. The removal was based on excessive absence without leave. Mr. Morales first sought relief through the agency's negotiated grievance process, which concluded on July 19, 1994, with an arbitrator's decision to sustain the removal. On September 27, 1994, 70 days after the arbitrator's decision, Mr. Morales filed an appeal with the Board's New York Field Office. Because the appeal appeared untimely, the administrative judge (AJ) sent Mr. Morales an Acknowledgment Order, which informed Mr. Morales that he must either show that the appeal was timely or that good cause existed for the delay in filing. Mr. Morales responded that his appeal was not timely filed because: (1) he was not informed of his appeal rights; and (2) he experienced severe anguish as a result of the arbitrator's decision.
 
 
 3
 The AJ found that he was without jurisdiction to consider the case, as Mr. Morales had first sought relief through the negotiated grievance procedure and had received a decision of an arbitrator. Because the full Board does have jurisdiction to review arbitral decisions if a claim of discrimination is involved, the AJ forwarded the appeal to the Board for consideration. The AJ did not address the timeliness issue, due to the lack of jurisdiction.
 
 
 4
 The case was then forwarded to the full Board. Mr. Morales also separately filed an appeal with the full Board. Because both appeals raised the same issue, review of the arbitrator's decision, the Board consolidated the cases for consideration under 5 C.F.R. Sec. 1201.36. The Board held that it had jurisdiction over Mr. Morales's appeal, that the appeal was untimely filed, and that Mr. Morales did not show good cause for his untimely filing.
 
 STANDARD OF REVIEW
 
 5
 On appeal, our task is to determine whether the Board's decision is
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence....
 
 
 9
 5 U.S.C. Sec. 7703(c) (1994); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 DISCUSSION
 
 10
 The Board correctly dismissed the appeal as untimely filed. A request for review of an arbitrator's decision must be filed with the Board within 35 days of the issuance of the decision. 5 C.F.R. Sec. 1201.154(d) (1995). Mr. Morales admits that he filed the appeal 70 days after the arbitrator's decision, or 35 days after the filing deadline. Consequently, the issue is whether the Board erred in failing to waive the time limit for appeal.
 
 
 11
 "Whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the [B]oard's discretion and this court will not substitute its own judgment for that of the [B]oard." Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). The 35-day filing requirement may be waived if good cause is shown. 5 C.F.R. Sec. 1201.12 (1995). Therefore, the burden is on the petitioner to show a reasonable excuse for delay in filing the appeal. Phillips, 659 F.2d at 1391. To establish good cause for the delay, the petitioner must show that the "delay was excusable under the circumstances where diligence or ordinary prudence had been exercised." Id. (citing Alonzo v. Department of the Air Force, 4 M.S.P.R. 180 (1980)).
 
 
 12
 Petitioner asserted in his response to the Acknowledgement Order that he was not informed of his appeal rights following the arbitrator's decision. However, the Board found, and Mr. Morales now admits, that the agency's decision letter advised him of his appeal rights, including the right to file an appeal with the Board of an arbitrator's decision, if he alleged discrimination. Attached to the decision letter was a copy of the Board's regulations, which include the 35-day filing deadline at issue. The Board found that Mr. Morales remained unaware of the substance of the material provided to him by the agency, even after he had filed the appeal. The Board concluded that Mr. Morales had not exhibited the required due diligence and prudence, and that his ignorance did not provide good cause for the delayed filing. Under these circumstances, the Board did not abuse its discretion in not waiving the filing deadline for an appeal filed 35 days late.
 
 CONCLUSION
 
 13
 Mr. Morales has not met his burden of proving that the Board's decision not to waive the filing deadline for his appeal of the arbitrator's decision was an abuse of the Board's discretion. Accordingly, we affirm.
 
 COSTS
 
 14
 Each party to bear its own costs.